UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WAYNE JOHNSON,<br>  Petitioner | CIVIL ACTION |
| VERSUS | NO. 03-3562 |
| BURL CAIN, WARDEN<br>  Respondent | SECTION "N" |

**ORDER AND REASONS**

Petitioner, Wayne Johnson, has filed a petition for habeas corpus relief, pursuant to 28 U.S.C. §2254, relative to his 1996 conviction of simple robbery and sentence, as a third felony offender, to life imprisonment. *See State v. Johnson,* No. 382-056, Section "F", Criminal District Court, Parish of Orleans, State of Louisiana.[1] Presently before the Court are the Fifth Supplemental Report and Recommendation issued by the assigned United States Magistrate Judge (Rec. Doc. No. 33), and Petitioner's Objections thereto ("Objections") (Rec. Doc. No. 39). The Court has considered the petition, the record, the applicable law, all of the Reports and Recommendations issued in this matter, all of Petitioner's Objections, and the submissions made by Respondent. With the exception of ordering that this matter be stayed and the petition held in abeyance, rather than

---

[1] The sentence is life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

dismissed without prejudice, the Court approves the Magistrate Judge's Fifth Supplemental Report and Recommendations.

In this federal habeas proceeding, Petitioner presents a claim of ineffective assistance of counsel relative to the failure of his appointed trial counsel, Victor Papai, to investigate and present an insanity defense on Petitioner's behalf at trial. To prevail on this claim, Petitioner must first show that his counsel's representation was legally deficient in that it fell below an objective standard of reasonableness. *See Strickland v. Washington,* 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064 (1984). Then, Petitioner must demonstrate that, but for the deficient attorney conduct, there is a reasonable possibility that the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068.

Magistrate Judge Moore initially determined that Petitioner had met his burden with respect to deficient conduct, but not as to prejudice. *See* Rec. Doc. Nos. 9 and 12. The undersigned agreed with the deficient conduct recommendation, but requested clarification with respect to the absence of legal prejudice. *See* Rec. Doc. No. 16. Thereafter, however, Magistrate Judge Moore ultimately determined, in his Fifth Supplemental Report and Recommendation, that including the mental health records from Desire-Florida Mental Health Center ("Desire Center records"),[2] together with the February 2005 Declaration of Dr. Rennie W. Culver (the "Culver Declaration"), in the evidence to be considered by this Court renders Plaintiff's claim unexhausted.[3] The

---

[2] The Desire-Florida Mental Health Center ("Desire Center") is an outpatient mental health facility.

[3] The Culver Declaration contains expert opinions based, in part, on the Desire records. Petitioner asks this Court to consider both the Desire records and the Culver Declaration in evaluating his claim of constitutionally ineffective assistance of counsel.

undersigned agrees. Accordingly, under 27 U.S.C. §2254(b)(1)(A), which requires federal habeas petitioners to fully exhaust state court remedies before seeking federal habeas relief, Petitioner's claim is presently not appropriately considered by this Court.

In making this determination, the Court initially notes that it has carefully considered relevant jurisprudence, including the Fifth Circuit's decisions in *Moore v. Quarterman*, 491 F.3d 213 (5th Cir. 2007); *Morris v. Dretke*, 413 F.3d 484 (5th Cir. 2005); *Anderson v. Johnson*, 338 F.3d 382 (5th Cir. 2003); and *Dowthitt v. Johnson*, 230 F.3d 733 (5th Cir. 2000), *cert. denied*, 532 U.S. 915, 121 S. Ct. 1250 (2001). Further, relative to the exhaustion inquiry mandated by these authorities, the undersigned, like Magistrate Judge Moore, is not persuaded that the Desire Center records, the information contained therein, or even the significant fact that Petitioner underwent a psychiatric evaluation there the day immediately before the robbery incident in question occurred, were part of the evidence and argument actually submitted in Petitioner's state court post-conviction relief proceeding.[4]

On this point, there is no dispute that the Desire Center records were not physically present in the state court record when Petitioner sought to have that record made available for use in this proceeding. Having said that, the Court is well aware that, on occasion, certain pleadings, motions, briefs, transcripts and admitted evidence are inadvertently and unfortunately never placed in the official court record. That is true in every court, including this one. With respect to Petitioner's state post-conviction proceeding, however, neither the Desire Center records themselves, nor the fact that Plaintiff underwent a psychiatric evaluation at Desire Center on December 6, 1993,

---

[4] There is no dispute that the Declaration of Dr. Culver was not presented to the state court. Indeed, Petitioner obtained Dr. Culver's Declaration in connection with this federal habeas proceeding in February 2005.

the day immediately before the robbery incident, is ever specifically mentioned in the initial application itself, the testimony provided at the March and May 2001 evidentiary hearing, or any of the several briefs filed with the trial court or the appellate courts. Given the relevance of the information contained in these documents to Petitioner's mental status on December 7, 1993, this omission is significant and telling.

Additionally, although the state court record reveals that a subpoena for records from Desire Center was sought on three occasions in 2000 and early 2001, the Desire Center records submitted in this proceeding as "Appendix B" to the Petition include an authentication certificate bearing a December 2003 date, rather than a date falling within the time period that Petitioner's state post-conviction relief proceeding was pending. Finally, the Court has not been provided with an affidavit from the attorneys representing Petitioner and/or Respondent during the state court post-conviction relief proceedings, or any other type of evidence outside of the state court record, confirming that the Desire Center records were in fact submitted to the state court.

Turning next to the issue of whether the new evidence submitted by Petitioner – the Desire Center records and the February 2005 Culver Declaration – render Petitioner's state court remedies unexhausted, the above-referenced legal authorities establish that "a petitioner fails to exhaust state remedies when he presents *material* additional evidentiary support to the federal court that was not presented to the state court." *Moore*, 491 F.3d at 220 (quoting *Anderson*, 338 F.3d at 386 (emphasis in original). "Evidence is not material for exhaustion purposes if it '*supplements,* but does not *fundamentally alter,* the claim presented to the state courts.'" *Id.* (quoting *Anderson*, 338 F.3d at 386-87) (emphasis in original). Similarly, "evidence that 'places the claims in a significantly different legal posture must first be presented to the state courts.'" *Anderson*, 338 F.3d at 387

4

(quoting *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997)). Determining whether new evidence "fundamentally alters" or, on the contrary, is merely supplemental, is a "case and fact specific" inquiry. *Id.* at 388 n. 24.

Applying the guiding principles set forth in *Moore, Morris, Anderson*, and *Dowthitt,* the Court concludes, as did Magistrate Judge Moore, that the Desire Center records and the February 2005 Culver Declaration, when considered together and in relation to the evidence of Petitioner's mental health status that was made part of the state court post-conviction relief proceeding, constitute material additional evidentiary support that must first be presented to the state court. Nor is the Court presently convinced that an exception to the exhaustion requirement applies.

First, unlike in *Dowthitt*, the Culver Declaration does not rest entirely on factual evidence that was previously presented to the state court. Nor does it simply confirm or provide additional support for that which was already before the state court.

Specifically, in terms of Petitioner's mental health, the record of the state court post-conviction relief proceeding reveals that Petitioner does not *always* suffer severe symptoms of paranoid schizophrenia. Rather, it demonstrates that he suffers occasional episodes. Relative to the timing of these episodes and Petitioner's related mental health treatment, the medical records included in the state court record essentially reveal only that Petitioner had been treated and/or hospitalized more than once at Southeast Louisiana Hospital, in Mandeville, Louisiana, as a child; that Petitioner had been briefly hospitalized on Charity Hospital's psychiatric floor in August and September 1993, and then referred by Charity to Desire Center for outpatient mental health services; that he thereafter received outpatient treatment of uncertain extent and timing at Desire Center; that he may have received outpatient care from Desire Center at another, unspecified time(s); and that,

5

following his arrest for the robbery in 1996, he was housed in the section of Orleans Parish Prison designated for prisoners with mental health problems.

An insanity defense, however, focuses on a very specific time period – the time that the charged crime occurred – which was December 7, 1993. The Desire Center records, accompanied by the medical information and expert opinions in the Culver Declaration, provide significant medical evidence regarding Plaintiff's mental health condition on December 6, 1993, which is a period *much* closer in time to the charged offense than any of the medical evidence previously presented. Additionally, as previously explained, neither the information in the Desire Center records, nor even the fact that he had been to the Desire Center and/or undergone psychiatric evaluation the day before the robbery offense, was communicated to the state court by witness testimony, by affidavit, or by any of Petitioner's briefs. Thus, the claim sought to be presented to this Court is a "in a significantly different and stronger evidentiary posture than it was before the state court." *Dowthitt*, 230 F.3d at 746.[5]

Furthermore, despite seeking three subpoenas for the Desire Center records, Petitioner apparently willingly chose to proceed to conclude the 2001 evidentiary hearing without them. No evidence has been brought to this Court's attention revealing that Petitioner was denied a further delay of the May 17, 2001 portion of the evidentiary hearing to allow it additional time to obtain these records, or that a request to hold the record open after May 17, 2001, for submission

---

[5] The Culver Declaration states, among other things, that the Desire Center records provide evidence that Petitioner was psychotic the day before the crime. *See* Rec. Doc. No. 19. Dr. Culver also expresses a lack of confidence in the jury verdict and opines that introduction of psychiatric testimony might have affected the outcome of the trial. *Id.* Relative to this, the undersigned notes that, in closing argument, Petitioner's trial counsel asked only that the jury find Petitioner guilty of a lesser included offense. He did not request a "not guilty" verdict.

of the records was denied. Nor has it been established that Petitioner sought and was denied additional assistance of the state court in obtaining these records between the March 2001 and May 2001 portions of the evidentiary hearing. Finally, there is no indication that Petitioner sought to obtain and/or introduce the testimony or affidavit of a mental health expert in the state court proceeding. Thus, although the Court does not think that Petitioner in any way attempted, in 2001, to bypass the state court in favor of proceeding in federal court on his ineffective assistance of counsel claim, the Court does not find that special circumstances comparable to those existing in *Anderson* and/or *Morris* justify a finding that the exhaustion requirements of §2254(b)(1)(A) have been satisfied.

Finally, the Court disagrees with Petitioner that the lack of exhaustion should be excused. Petitioner's actual innocence is a relevant consideration only if Petitioner is precluded from proceeding on his claim in state court. Petitioner has not alleged or shown this to be true. Respondent, moreover, states that Petitioner has both state and federal avenues of relief still available to him. *See* Response to Petitioner's Objection to Fifth Supplemental Report and Recommendation at 5 (Rec. Doc. No. 44).

Similarly, the Court rejects Plaintiff's claim of unfairness from undue delay. While the Court recognizes that Petitioner's prior state proceedings, as well as this federal proceeding, have stretched over a number of years, this is so for many reasons. In any event, the Court does not find this fact alone to justify sacrificing the interests of federalism and comity that provide the basis for the exhaustion requirement. Nevertheless, the Court does not want Petitioner's claim delayed any longer than is reasonably necessary, and as stated below, will attempt to ensure that undue delay does not occur.

Accordingly, for the reasons stated above:

(1) Except as stated herein, **IT IS ORDERED** that the Court approves the Magistrate Judge's Fifth Supplemental Report and Recommendations (Rec. Doc. No. 33) and overrules Petitioner's Objections (Rec. Doc. No. 39) thereto**.**

(2) **IT IS FURTHER ORDERED** that the Magistrate Judge's Fifth Supplemental Report and Recommendations (Rec. Doc. No. 33), accompanied by this Order and Reasons, constitute the Court's opinion herein.

(3) **IT IS FURTHER ORDERED** that Petitioner's "Motion to Expand the Record to Include the Declaration of Dr. Rennie W.Culver" (Rec. Doc. No. 19) is **DENIED** because of failure to exhaust state court remedies.

(4) **IT IS FURTHER ORDERED** that this matter is **STAYED** pending Petitioner's completion of state court proceedings necessary to exhaust his state court remedies with respect to his ineffective assistance of counsel claim.  <u>This stay is conditioned upon Petitioner instituting these state court proceedings within sixty (60) days from entry of this Order and Reasons</u>.  While the stay is pending, Petitioner's federal habeas corpus shall be held in abeyance.  <u>Within sixty (60) days from completion of the state court proceedings necessary for exhaustion, Petitioner shall be allowed to re-open this matter under this above-captioned case number and with benefit of the instant action's filing date.</u>

(5) **IT IS FURTHER ORDERED** that the Clerk of Court mark this action closed for statistical purposes.

(6) **IT IS FURTHER ORDERED** that the Court shall retain jurisdiction in this action and that it shall be restored to the Court's active docket upon appropriate motion of a party or order of the Court.

(7) Recognizing that the state court maintains a busy and crowded docket, the undersigned respectfully requests that Petitioner's anticipated application for relief be reviewed and resolved as promptly as is reasonably possible. Similarly, the Court urges the parties and their counsel to make every effort possible to expedite completion of the state court proceedings. <u>Relative to efforts by the parties and counsel, **IT IS FINALLY ORDERED** that the parties, through counsel, shall provide the Court with a written status report of the state court proceedings within 120 days from entry of this Order and Reasons and, so long as the state court proceedings are pending, every 120 days thereafter.</u>

New Orleans, Louisiana, this  28th  day of September 2007.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

**Clerk to Copy:**

(1) Honorable Dennis Waldron, Section "F", Criminal District Court, Parish of Orleans, State of Louisiana

(2) Counsel of Record